424

5-3843                                          399 S. W. 2d 686

Opinion delivered March 7, 1966

*Mark E. Woolsey,* and *Phil Stratton,* for appellant.

*Walker & Villines,* for appellee.

PAUL WARD, Justice. This case involves the taking, for highway purposes, of a small piece of land located on U. S. Highway 62-65 in the town of Bellefonte.

On June 18, 1965 eleven property owners in or near Bellefonte filed a petition in chancery court to enjoin the Arkansas State Highway Commission (appellant herein) from entering upon and taking their property. Two months later Alma Troutman (appellee herein) filed an intervention in said action, asking for the same relief. Thereupon appellant filed an answer to the intervention alleging that it acquired the right-of-way over appellees' land ''by a certain order of Boone County Court of 1928.''

After a hearing on the issues joined the trial court entered a decree finding: (a) appellant is attempting to encroach upon the lands of appellee; (b) there is no evidence of formal notice to appellee of the entry of the said Condemnation Order in 1928; (c) appellant has failed to prove by a preponderance of the evidence ''any material changes in the actual right-of-way constructed or used by the Highway Department such as to put the land-owner on notice of the County Court Condemna-

tion Order, prior to the present construction program now in progress,'' and; (d) Boone County is without funds to pay appellee for the land being taken. The court then enjoined appellant from entering upon appellee's land unless it deposited $2,000 to pay such sum as might later be awarded to her.

To reverse the decree, appellant contends it is not supported by the preponderance of the evidence. Appellant is to be commended for further simplification of the decisive issue by saying: ''The only point in issue herein is whether appellee had notice of the 1928 county court order or had knowledge of such facts as would put her on notice.'' Since it is not contended by appellant that appellee had actual notice of said court order (in time to file a claim for damages), the decisive question therefore becomes: Did appellee have ''knowledge of such facts as would put her on notice?'' The trial court held she had no such knowledge and appellant strenuously argues that such holding is not supported by a preponderance of the evidence.

To show appellee did have ''knowledge'' appellant relies solely on the occurrence of one incident, viz; when appellant rebuilt or reconstructed the existing road across her lot in 1928-1929 it moved the dwelling north several feet off the right-of-way which had been condemned the year before. It is conceded by both sides that if the house was so moved it constituted constructive notice to the owner of the lot. It is pointed out that appellee bought the house and lot from Copeland in 1930, and it is conceded that notice to the vendor would be notice to appellee.

Appellant relies on George Lewis who testified, in substance: I worked for appellant for thirty four years but am now retired; in 1928 I was resident engineer in the district which included the job here involved; I recall the construction in the vicinity of Bellefonte and I know where the Copeland house was in 1928; in 1929 the contract called for the house to be removed; this

particular house was moved off the right-of-way; I recall that Eagle Starkey (deceased) moved the house—they pulled it back 20 or 30 feet; we put a gravel surface on the road in 1929; we moved this house so we could build a dump for a (two lane) bridge; we moved something like 300 or 400 houses, and I remember practically everyone of them; construction on this job began is 1928, more than a year before I left in 1929. Appellant also introduced in evidence, as ''Exhibit 3'' what appears to be a plan or plat of the proposed construction. On it there appears to be a house, located partly on the right-of-way. Near it are these words: ''To be removed . . . .''

On behalf of appellee the following testimony (in substance) was introduced. *Appellee*: I am 71 years old; I bought the property in question from J. V. Copeland in 1930—my husband died in 1937; the house on the lot burned down, after we bought it, between 1930 and 1936; after the house burned we built the present house in 1936; I didn't know that appellant was claiming a right-of-way across my yard until it took out some trees about three weeks ago; the road was completed when we bought the house in 1930; the foundation of the old house is still visible and is about seventeen feet south of the present house; the old house stood on the original foundation until it burned. *Perry Dees*: I am fifty-six years old and have lived in the vicinity of Bellefonte all my life; at the present time I live next door to appellee, and I have been familiar with her property all my life; I have never seen appellant exercise any control over any of her property; there were shade trees there until appellant pulled them up three weeks ago; appellee's old house rested on the old foundation until it burned in 1932 or 1935. *Mrs. Keeter*: I have lived in Bellefonte fifty eight years; my house is in sight of appellee's house; The old foundation is seventeen feet south of appellee's present house; the old house stood on that old foundation until it burned around 1933.

Among other things, the trial court said it could not

find from the evidence that appellant moved the house or caused it to be moved, especially since the burden was on it to do so. Likewise we are unable to say such finding is not supported by the weight of the evidence. There is positive testimony by three witnesses that the old foundation is still plainly visible some seventeen feet south of the present house, and that the old house remained on the old foundation until it burned. For the reasons fully set out in the case of *Little* v. *Holt,* 229 Ark. 627, 318 S. W. 2d 157 we feel that, in a close case, the trial court is in a better position than we are to evaluate the weight of the witnesses' testimony.

Appellant says the trial court erred in overruling its Motion to strike misjoined parties—plaintiff and misjoined causes of action. We deem it unnecessary to discuss this point at length. In the first place we do not find any such motion was filed as to the intervention of appellee. Furthermore there is no contention appellant has been prejudiced in any way in this particular case.

What we have said, of course, is without prejudice to appellant's right to raise the same point in future litigation.

Affirmed.